Inquiries reach us frequently from our lawyer subscribers who desire to know where or to whom to write to obtain a full opinion, or wish to ask us for other information relative to some case that has appeared in The Abstract, or to learn whether we have or know of an opinion on a certain subject. It is an adjunct of the business we are conducting, as we regard it, to supply such knowledge as we have, or can secure along this line, to our subscribers, and will respond cheerfully and promptly and free of charge to all such queries.

### OHIO LEGISLATURE
### NEW STATE LAWS SERVICE, 1923

All new laws of the instant General Assembly, as are deemed likely to be of special and immediate interest to the legal profession, will be printed in The Abstract as promptly as they can be obtained, and in full. This publication will be continued until the supply is exhausted. This will save our subscribers months of tedious waiting, to know about the changes in the law.

In order that our copies of the law may be authentic, the language of the new statutes will be followed verbatim. Figures will be used, however, in some places, to express spelled out numbers, or in sums of money, and a few well recognized abbreviations, such as GC. for General Code, and the like, but not where they will change the meaning of the context.

### U. S. FEDERAL COURTS SERVICE

Beginning with this issue, we are extending the number of Federal Court cases, published in The Abstract, and as fast as possible we shall place before our readers a weekly complement of these valuable opinions. The U. S. Courts in Ohio are presided over by eminent judges, and undoubtedly attorneys will appreciate the service with which we will thus supply them promptly. The case output of the six Ohio U. S. Courts, a very large part of which has, until now, been lost to practioners in general, will be an important feature of The Abstract.

## COURT OF APPEALS of U. S.
### CINCINNATI
### U. S. COURT OF APPEALS, SIXTH CIRCUIT

No. 287

SALMON FALLS MFG. CO. v. MIDLAND TIRE & R. CO.

U. S. Court of Appeals, Sixth Circuit
No. 3706.    Dec. 15, 1922
285 Fed. 214

PROCEDURE—(1) Personal judgment where jurisdiction secured by attachment—(2) Defendant' appearance to object not submission to jurisdiction—(3) Special appearance does not authorize personal judgment—(4) Adjudication regarding attached property does not bar action against defendant personally—(5) Plaintiff not required to produce books—Dismissal only remedy for failure—(6) Seller cannot change draft without notifying buyer—(7) No exceptions being taken to instructions, request for further necessary—(9) Ruling on new trial not reversible.

KNAPPEN, J.

Epitomized Opinion

In Error to U. S. District Court

The Rubber Co. brought suit against the Mfg. Co. in an Ohio state court for failure to deliver certain goods contracted for. When the suit was begun an attachment was issued on funds of the Mfg. Co. amounting to $2,000. Later the suit was removed to a federal court. The Mfg. Co. for the purpose of limiting the recovery to the amount attached appeared, specifically for that purpose, and denied jurisdiction. The request to so limit the scope of the hearing was not passed upon and a verdict for the Rubber Co. was rendered for $30,000. The Mfg. Co. prosecutes error to this court.

Held by Circuit Court of Appeals in amending verdict and remanding case to District Court with directions to enter a new judgment not inconsistent with this opinion:

1. Personal judgment cannot be rendered against a foreign corporation where jurisdiction is secured over it by attachment of property, with no personal judgment.

2. A defendant's appearance in court for the sole purpose of objecting to its jurisdiction over its person, was not an appearance in action.

3. The question of general appearance is one of intent, actual or implied, but its purpose must be clear and unequivocal. Special appearance to protect attached property does not authorize personal judgment.

4. On motion to limit relief to the volume of the attached property, an adjudication that it is not liable does not bar proceeding against defendant personally.

5. The production of plaintiff's books would not have sustained the defense and a refusal to require the production of the books was not prejudicial to plaintiff. The only remedy given defendant for plaintiff's failure to produce books called for is the dismissal of plaintiff's suit.

6. When the seller of goods stated that a three-day draft would be drawn for the purchase price, it was a breach of the seller's duty to draw a sight draft without giving buyer notice that sight draft had been drawn.

7. Where no exception to instruction is taken, request for further instructions as to particular testimony held necessary.

8. A motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and his ruling cannot be reviewed in the absence of abuse thereof.

Attorneys—W. Lloyd Allen and Bayley, Simmons & De Witt, for Mfg. Co.; Lowry, F. Slater, L. F. McGrath and J. B. Shepler, for Rubber Co.